James H. Berry, Jr. (State Bar No. 075834)
Kevin R. Lussier (State Bar No. 143821)
BERRY & LUSSIER
A Professional Corporation
1901 Avenue of the Stars, Suite 1060
Los Angeles, California  90067
Telephone:  (310) 557-8989
Facsimile:   (310) 788-0080
jberry@bandlpc.com
klussier@bandlpc.com

Attorneys for Defendant
BLUE BUFFALO COMPANY, LTD.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR DOGSWELL, L.L.C., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BLUE BUFFALO COMPANY, LTD., a Delaware corporation,<br><br>　　　　Defendants. | Case No.  CV-11-00028 CAS (PLAx)<br><br>Hon.   Christina A. Snyder<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: May 23, 2011<br>Time: 10:00 a.m.<br>Ctrm.: 5 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 23, 2011, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Christina A. Snyder in courtroom 5 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California, defendant Blue Buffalo Company, Ltd. ("Blue Buffalo") will and hereby does move to strike portions of the Complaint of plaintiff Arthur Dogswell, L.L.C. ("Dogswell"), as follows:

1.     Page 2, paragraph 4, lines 22-23, reading "Blue Buffalo has a history of copying other pet food and pet treat companies[.]"; and

2.     Page 7, the entirety of paragraph 22, lines 16-21.

This Motion is brought pursuant to Federal Rule of Civil Procedure 12(f) and Federal Rule of Evidence 408, on the grounds that the material designated above in this Notice is redundant, immaterial, impertinent, or scandalous matter. As to the portion of paragraph 4 sought to be stricken, the subject allegation is immaterial, impertinent and scandalous to the prejudice of Blue Buffalo. As to the entirety of paragraph 22 sought to be stricken, the subject allegations are immaterial and impertinent as they disclose confidential and inadmissible settlement discussions between the parties in violation of Federal Rule of Evidence 408.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on April 13, 2011.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and records on file herein, such further papers as may be filed in connection with this Motion and on such

further evidence and argument as may be presented in connection with the hearing of the Motion.

DATED:  April 18, 2011

BERRY & LUSSIER, APC
James H. Berry, Jr.
Kevin R. Lussier

By  /s/ *Kevin R. Lussier*
Kevin R. Lussier
Attorneys for Defendant
BLUE BUFFALO COMPANY, LTD.

*Of Counsel:*

Edmund J. Ferdinand, III (Pro hac vice application to be filed)
Jeffers Cowherd, P.C.
55 Walls Drive
Fairfield, CT  06824
Telephone: 203-259-7900
Fax: 203-259-1070
Jferdinand@jeffers-law.com

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTORY STATEMENT

The complaint of plaintiff Arthur Dogswell, L.L.C. ("Dogswell") against defendant Blue Buffalo Company, Ltd. ("Blue Buffalo") contains allegations that should be stricken pursuant to Federal Rule of Civil Procedure 12(f) as they are immaterial, impertinent and scandalous. Specifically, the initial allegation of paragraph 4 of the Complaint states that "Blue Buffalo has a history of copying other pet food and pet treat companies," which phrase is immaterial to the issues alleged in the Complaint, unduly prejudicial to Blue Buffalo, and should be stricken. Additionally, the entirety of paragraph 22 of the Complaint should be stricken as immaterial and impertinent because it describes immaterial and inadmissible confidential settlement talks between the parties.

## II. STATEMENT OF FACTS

Blue Buffalo, based in Wilton, Connecticut, is the maker of popular natural, healthy and holistic pet food products that have been distributed in the U.S. widely and continuously since 2003 under the trademark BLUE. The company produces dry food and canned food for dogs and cats, and a host of different varieties of dog treats.

The central branding component of all Blue Buffalo products is the BLUE SHIELD LOGO Trademark, consisting of a diamond-shaped logo depicting the word "BLUE" along with the trade name "The Blue Buffalo Co.," a large buffalo design and, in some cases, the tag lines "Unsurpassed Nutrition" and "Ultimate Protection." The BLUE SHIELD LOGO Trademark is the company's house mark that appears on the label of all canned food products and on the package of all dry food and treat products.

Blue Buffalo's all-natural pet food products have been at the forefront of the rise in popularity of natural pet foods, which appeal to health-conscious consumers. Through a series of innovative marketing campaigns and grass-roots marketing initiatives, the BLUE brand has rapidly ascended to the top of its market category

1  and achieved unprecedented sales success.  As a result, the company's BLUE
2  Trademark and BLUE SHIELD LOGO Trademark have acquired extensive
3  goodwill, have developed a high degree of distinctiveness and are well known and
4  recognized to consumers as identifying high quality goods that have their origin
5  with, or have been authorized by, Blue Buffalo.

6  Plaintiff Dogswell produces and sells pet treats and pet food products.
7  Dogswell filed its Complaint in this matter against Blue Buffalo on January 3,
8  2011. The Complaint alleges claims for trademark infringement, trade dress
9  infringement and unfair competition under both the Lanham Act and California
10 common law. Dogswell alleges that it has trademark rights for the phrase HAPPY
11 HIPS in connection with the sale of pet food and edible dog and cat treats.
12 Essentially, Dogswell alleges that Blue Buffalo's use of the phrase "Healthy Hips"
13 in connection with the sale of Blue Buffalo's edible dog treats infringes upon
14 Dogswell's claimed trademark rights in HAPPY HIPS. Additionally, Dogswell
15 alleges that Blue Buffalo's product name and packaging of its edible dog treats
16 infringes upon the trade dress utilized by Dogswell in its sale of edible pet treats.

17 Plaintiff's Complaint contains allegations that should be stricken pursuant to
18 Rule 12(f). Paragraph four of Plaintiff's Complaint alleges that "Blue Buffalo has a
19 history of copying other pet food and pet treat companies[.]" Paragraph 22 of
20 Plaintiff's Complaint alleges:

21 On August 30, 2010, Dogswell notified Blue Buffalo that Blue Buffalo
22 is infringing Dogswell's federally registered HAPPY HIPS®
23 trademarks and HAPPY HIPS ™ trademark. On or about September
24 13, 2010, counsel for Blue Buffalo offered to withdraw Blue Buffalo's
25 composite trademark application for, *i.e.*, "Healthy Hips," but stated
26 that Blue Buffalo would otherwise continue to sell its "Healthy Hips"
27 dog treats. Subsequent settlement discussions were unsuccessful.

28

BERRY & LUSSIER
A PROFESSIONAL CORPORATION

For the reasons stated below, these allegations are immaterial, impertinent and scandalous, and should be stricken from Plaintiff's Complaint.

## II. LEGAL ARGUMENT

### A. Legal Standard Governing Motions to Strike

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." F.R.Civ.P. 12(f). Courts will strike offending language from pleadings when there is a showing of prejudice by the moving party. *Securities and Exchange Commission v. Sands*, 902 F.Supp. 1149, 1166 (C.D. Cal. 1995). The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that will support the granting of a motion to strike. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) (holding that the district court properly struck lengthy, stale and previously litigated factual allegations to streamline the action), rev'd. on other grounds, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

"Immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc., supra*, 984 F.2d at 1527, quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07 (1990). "Impertinent" matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*.

The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters which the Court may take judicial notice. *Sands, supra*, 902 F.Supp. at 1165. The essential function of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty, supra*, 984 F.2d at 1527. "The courts are granted considerable discretion to determine motions to strike, especially if the allegations in the complaint will cause prejudice at a later

date in the litigation." *Xerox Corporation v. Imatek, Incorporated*, 220 F.R.D. 241, 243 (D. Md. 2003).

### B. The Subject Language in Paragraph Four of the Complaint Should Be Stricken.

In paragraph four of the Complaint, Dogswell alleges that "Blue Buffalo has a history of copying other pet food and pet treat companies[.]" This is exactly the type of immaterial, impertinent and scandalous allegation that Rule 12(f) is designed to strike so as to avoid unnecessary expenditure of time and money to litigate. Blue Buffalo vigorously denies that Dogswell's allegation is in any way true, or that Dogswell has any foundation to raise such a spurious allegation. Nevertheless, the offending allegation is improper under Rule 12(f) and should be stricken on the ground that it is immaterial and irrelevant to the issues raised by Plaintiff's claims, improperly invites litigation and discovery of extraneous matters, and unnecessarily complicates what should be a straightforward action for trademark and trade dress infringement.  As the Ninth Circuit has noted, "Superfluous historical allegations are a proper subject of a motion to strike." *Fantasy, Inc., supra*, 984 F.2d at 1527. " 'References to other litigation and the context in which they are made, are improper and irrelevant' when they are asserted in an unrelated complaint before the court." *Kent v. Avco Corporation*, 815 F.Supp. 67, 71 (D. Ct. 1992), *quoting Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co.*, 657 F.Supp. 136, 144 (E.D.N.Y. 1987). *See also Xerox Corporation, supra*, 220 F.R.D. at 243 (plaintiff's allegations "attempting to use entirely unrelated legal controversies involving" defendant to "muddy the waters" in straightforward case improper and order stricken from complaint).

Similar allegations to those alleged by Dogswell were ordered stricken by the Northern District of California in *Strassman v. Fresh Choice, Inc.*, 1995 WL 743728 (N.D. Cal. 1995). In that case, the plaintiffs alleged in their complaint that defendant securities underwriters "participated in similar, yet unrelated, schemes to

defraud investors in connection with securities offerings." *Id*. at *17. The plaintiffs claimed that the allegations concerning alleged prior similar acts were probative of the motive and intent of defendant. The Court struck the allegations from the complaint, noting that "such allegations regarding prior acts are unnecessary at the pleading stage" and that "motive and intent, or scienter, may be pled generally." *Id*. Rather, "allegations such as these only serve to inflame the passions of the reader and prejudice the defendant." *Id*.

Dogswell's allegations in paragraph four of the Complaint concerning purported prior conduct of Blue Buffalo unrelated to Dogswell should be stricken. Such allegations only serve to "muddy the water" in what should be a straightforward trademark and trade dress infringement action pled by Dogswell. Moreover, the superfluous allegations of prior acts by Blue Buffalo prejudices Blue Buffalo as they interject an extraneous and immaterial issue into the litigation, broadening the arguable subjects of discovery and thereby causing the unnecessary expenditure of time and money by Blue Buffalo in preparing its defense to Dogswell's claims and by the Court in deciding any disputes that may arise from the unwarranted broadening of the subject matter of the litigation to extraneous issues. *See Crawford v. Washington National Insurance Company*, 2009 WL 890968 (D. Ariz. 2009) at *2 (prejudice supporting striking of allegations occurs when defendant would be forced to engage in additional or extended discovery, endure delay, or incur additional expense). Dogswell's extraneous and baseless allegation would unnecessarily complicate the case and would prejudice Blue Buffalo with an increased burden during discovery.  Such a result is certainly contrary to the interests of judicial economy and the interests of justice.   Thus, this Court should order stricken from the Complaint the subject language in paragraph four.

### C. Paragraph 22 Should Be Stricken From the Complaint.

On its face, paragraph 22 of the Complaint describes the substance of settlement talks between Dogswell and Blue Buffalo. Indeed, the Complaint itself admits as much, by concluding the paragraph with the sentence, "Subsequent settlement discussions were unsuccessful." As stated below, it is well-established that allegations discussing the substance of settlement talks between the parties should be stricken from pleadings as the substance of such discussions are inadmissible under Federal Rule of Evidence 408.

Under Rule 408, evidence of conduct or statements made in compromise negotiations is inadmissible to prove liability. Fed.R.Evid. 408. While Rule 408 is a rule of evidence, courts will use Rule 12(f) to strike allegations from complaints that discuss settlement negotiations within the ambit of Rule 408. *See, e.g., Philadelphia's Church of Our Savior v. Concord Township*, 2004 WL 1824356, *2 (E.D.Pa. 2004) ("While Rule 408 does not apply to pleadings directly, repeated decisions from this Court have held that allegations in a complaint may be stricken under Rule 12(f), as violative of these policies"); *Ciolli v. Iravani*, 625 F.Supp. 2d 276, 289 (E.D. Pa. 2009) (striking portions of pleadings based on Rule 408); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 40 (S.D.N.Y. 1992) ("Settlement discussions are inadmissible to show fault under Fed.R.Evid. 408, and accordingly may be stricken from a complaint as immaterial and potentially prejudicial"); *Furer v. Paine Webber, Jackson & Curtis, Inc.*, 1981 WL 1709, *1 (C.D. Cal. 1981) ("Moreover, proof of the settlement offer might well be inadmissible at trial under Rule 408 or Rule 403, Fed.R.Evid. Defendant's motion to strike all references to a settlement offer is granted.").

As quoted above, paragraph 22 of Dogswells' Complaint describes the substance of settlement negotiations between the parties that occurred in August and September 2010, by alleging that Blue Buffalo purportedly "offered to withdraw Blue Buffalo's composite trademark application for, i.e., 'Healthy Hips,'

but stated that Blue Buffalo would otherwise continue to sell its 'Healthy Hips' dog treats." Complaint at ¶ 22. This allegation, and evidence supporting it, is inadmissible under Rule 408, prejudices Blue Buffalo, and undermines the strong public interest as reflected in Rule 408 of keeping settlement negotiations between parties confidential. Accordingly, paragraph 22 should be stricken from Dogswell's Complaint.

## IV. CONCLUSION

For the foregoing reasons, this Court should strike from paragraph 4 of the Complaint the phrase "Blue Buffalo has a history of copying other pet food and pet treat companies," as well as paragraph 22 of the Complaint in its entirety.

DATED: April 18, 2011

BERRY & LUSSIER, APC
James H. Berry, Jr.
Kevin R. Lussier

By /s/ *Kevin R. Lussier*
Kevin R. Lussier
Attorneys for Defendant
BLUE BUFFALO COMPANY, LTD.

*Of Counsel:*

Edmund J. Ferdinand, III (Pro hac vice application to be filed)
Jeffers Cowherd, P.C.
55 Walls Drive
Fairfield, CT  06824
Telephone: 203-259-7900
Fax: 203-259-1070
Jferdinand@jeffers-law.com

- 7 -   CV11-00028 CAS (PLAx)
NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF
PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action, and my business address is Berry & Lussier (the "business"), 1901 Avenue of the Stars, Suite 1060, Los Angeles, California 90067.

On April 18, 2011, I caused the following document(s) to be served: **NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

> Thomas J. Speiss, III
> Daniel C. DeCarlo
> Lewis Brisbois Bisgaard & Smith LLP
> 221 North Figueroa Street, Suite 1200
> Los Angeles, CA 90012
> Fax: 213-250-7900

**_X_ BY REGULAR U.S. MAIL:** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

___ **BY FACSIMILE TRANSMISSION:** I sent a true and complete copy of the document(s) described above by facsimile transmission to the telephone number(s) set forth opposite the name(s) of the person(s) set forth above.

___ **BY FEDERAL EXPRESS OVERNIGHT DELIVERY OR OTHER EXPRESS OVERNIGHT SERVICE:** I declare that the foregoing described document(s) was(were) deposited on the date indicated below in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served, at the address as last given by that person on any document filed in the cause and served on this office.

___ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the above address(es).

___ (**State**) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**_X_** (**Federal**) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 18, 2011, at Los Angeles, California.

                                             /s/ Kate E. Oyler
                                             Kate E. Oyler

- 1 -          CV 11-00028 CAS (PLAx)
NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF
PLAINTIFF'S COMPLAINT